[No. 28675-7-I.   Division One.   November 9, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. ALLAN B. CORLISS, *Appellant*.

*Irene Tanabe* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *David F. Thiele, Deputy,* for respondent.

SCHOLFIELD, J. — Allan Corliss appeals his conviction of attempted possession of a controlled substance with intent to deliver, arguing that the trial court should have suppressed all evidence obtained by a police interception of a telephone conversation. We affirm.

In May of 1990, Tom Gibler, an informant, and Detective Watkins of the South Snohomish County Narcotics Task Force, arranged a marijuana sale with Corliss in which Detective Watkins was to pose as a supplier. In preparation, Watkins and another officer, Detective Conner, monitored

phone conversations between Gibler and Corliss by standing next to Gibler as he spoke to Corliss while tipping the phone in their direction. The officers heard Corliss say he was interested in purchasing at least 2 pounds of marijuana. Gibler agreed to sell the marijuana, and set up a meeting. At the meeting, Corliss entered Watkins' undercover car and gave Watkins $6,300 for the marijuana. Corliss stated that he was interested in at least 3 additional pounds and that he had " 'lots of customers waiting' " and could " 'sell all you can get.' "

Prior to trial for attempted possession of a controlled substance with intent to manufacture or deliver, the defendant moved to suppress the evidence gathered, claiming a violation of Washington's privacy act, RCW 9.73, and article 1, section 7 of the state constitution.[1] The court found there was no violation of the statute because the conversation was not intercepted by a device designed to record or transmit, and that even if there was a violation of the privacy act, the act only requires suppression of the conversations themselves, not the evidence gathered later when Detective Watkins met Corliss.

Corliss contends the State intercepted his phone conversation without complying with the statutory requirements, and argues that the interception was an unconstitutionally unreasonable intrusion into his "private affairs".

■ The primary purpose of the privacy act is the protection of individuals' privacy from public dissemination (even in trial) of illegally obtained information. *State v. Fjermestad*, 114 Wn.2d 828, 834, 791 P.2d 897 (1990). One of the central features of the act is RCW 9.73.030(1)(a), which makes it unlawful for any person:

> to intercept, or record any:
> (a) Private communication transmitted by telephone . . . between two or more individuals . . . by any device electronic or otherwise designed to record and/or transmit said communication regardless how such device is powered or actuated,

---

[1]Article 1, section 7 of the state constitution provides: "No person shall be disturbed in his private affairs, or his home invaded, without authority of law."

without first obtaining the consent of all participants in the communication[.]

Evidence gathered in violation of this section is inadmissible in court. RCW 9.73.050. Notwithstanding these prohibitions, RCW 9.73.090 allows electronic eavesdropping after authorization by a judge or magistrate with the consent of one of the parties to the conversation. This provision is augmented by RCW 9.73.230, in which under certain conditions an officer may authorize the interception of a conversation where one of the parties consents, probable cause exists to believe that the conversation or communication involves controlled substances, and a written report has been completed. RCW 9.73.230 cannot be used unless all the procedural requirements are met. *State v. Fjermestad, supra.*

In the present case, the police officers did not complete a written report. Had they, there would be no question that the privacy act was not violated, and there would be no state constitutional violation of Const. art. 1, § 7. *State v. Salinas*, 119 Wn.2d 192, 199, 829 P.2d 1068 (1992). Rather, the question here is whether the police violated the central tenet of the privacy act, RCW 9.73.030. A few Washington cases are relevant. In *State v. Jennen*, 58 Wn.2d 171, 361 P.2d 739 (1961), police overheard a conversation on a phone extension with the consent of one party. The court found no violation of either the federal *or* state constitution, relying on *Rathbun v. United States*, 355 U.S. 107, 111, 2 L. Ed. 2d 134, 78 S. Ct. 161 (1957) which stated that

[e]ach party to a telephone conversation takes the risk that the other party may have an extension telephone and may allow another to overhear the conversation. When such takes place there has been no violation of any privacy . . ..

*See also Jeffers v. Seattle*, 23 Wn. App. 301, 316, 597 P.2d 899 (1979).

Similarly, in *State v. Bonilla*, 23 Wn. App. 869, 598 P.2d 783 (1979), Bonilla telephoned the Kelso Police Department to discuss a crime he committed. The call was not recorded, but the dispatcher summoned the police chief to listen to

the conversation on an extension line in the station. The court found that RCW 9.73.030(1) was not violated for three reasons: (1) there was no "interception" because the police overheard the conversation on an extension telephone with the consent of the police dispatcher, citing *Jennen* and *Rathbun*; (2) there was no "private communication" between Bonilla and the police dispatcher because, in part, "[t]elephone conversations by nature afford less privacy than face-to-face conversations"; and (3) there was no "device electronic or otherwise designed to record and/or transmit" the telephone conversation. *Bonilla*, at 871-73.

If overhearing conversations on an extension line does not constitute a privacy act violation under *Jennen* and *Bonilla*, listening to a phone receiver "tipped" in a policeman's direction is still further from violating the privacy act. Here, the officers did not even have to rely on a separate device to hear the conversation (*i.e.*, an extension phone), but were listening to the very receiver Gibler listened to — hence, there was no "interception" under the statute. It is similarly doubtful there was a "private communication", because Corliss assumed the risk that Gibler would allow someone else to listen — a circumstance that is not so odd or remarkable as to create in Corliss an expectation of privacy that only one person would listen at the other end. And finally, the police did not use a "device electronic or otherwise designed to record and/or transmit" (RCW 9.73.030-(1)(a)); they simply listened with their ears.

For the same three reasons stated in *Bonilla*, we conclude that the police officers overhearing Corliss did not violate the privacy act.

Even without a privacy act violation, Corliss argues that on independent state grounds this court should decide that the Washington Constitution prohibits police intrusion of Corliss's right of privacy, citing *State v. Gunwall*, 106 Wn.2d 54, 720 P.2d 808, 76 A.L.R.4th 517 (1986). The *Gunwall* court held that the following six criteria must be examined to determine whether the state's constitutional privacy provision provides greater protection than its federal counterpart:

(1) the textual language; (2) differences in the texts; (3) constitutional history; (4) preexisting state law; (5) structural differences; and (6) matters of particular state or local concern.

*Gunwall*, at 58. *See State v. Boland*, 115 Wn.2d 571, 577, 800 P.2d 1112 (1990).

■ No extended *Gunwall* analysis is necessary. Preexisting state law has already established that police do not violate the federal or state constitution by listening to a conversation on an extension phone with the consent of one party. *Jennen*, 58 Wn.2d at 173-74. Recently *Jennen* was reaffirmed in *State v. Salinas, supra* at 197. *Salinas* involved electronic recording of a conversation:

> The issue as to whether there is a right of privacy under our constitution where one party, as here, consents to the contents of the conversation being recorded was settled in three cases decided in the 1960's: *See State v. Jennen*, 58 Wn.2d 171, 361 P.2d 739 (1961); *see also State v. Wright*, 74 Wn.2d 355, 444 P.2d 676 (1968), *cert. denied*, 394 U.S. 961 (1969) and *State v. Goddard*, 74 Wn.2d 848, 447 P.2d 180 (1968). This court held there was no expectation of privacy and Const. art. 1, § 7 did not prevent the disclosure of the conversation. These cases have neither been overruled explicitly or implicitly nor have the cases decided by this court subsequent to *Wright*, *Goddard*, and *Jennen*, none of which concerned the privacy of electronic communications, impaired the validity of the earlier cases.

*Salinas*, at 197. *Salinas* settles the question of whether there is a constitutional expectation of privacy where one party consents to a recording.

Here, unlike *Salinas*, there was not even a recording. Corliss presents no viable reason why, if a recorded conversation does not violate Washington's constitutionally protected right of privacy, an unrecorded conversation overheard on a "tipped" receiver does violate the state constitution.

Affirmed.

WEBSTER, A.C.J., and COLEMAN, J., concur.

Review granted at 121 Wn.2d 1001 (1993).